COMMONWEALTH *vs.* VINCENT M. MARCHESE. No. 00-P-1522. May 2, 2002. *Practice, Criminal,* New trial, Argument by prosecutor. *Evidence* Expert opinion. *Controlled Substances.*

After a jury found the defendant guilty of possession of a Class B substance with intent to distribute, and possession of a Class B substance with intent to distribute in a school zone, the judge found the defendant guilty of committing a second or subsequent offense. The defendant filed a motion seeking a reduction in the verdict to the lesser included offense of simple possession or, in the alternative, a new trial. The judge entered an order for a new trial, as described below, see Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979), and the Commonwealth appealed. We affirm the order.

So far as is material to this appeal, the defendant's new trial motion claimed that it was prejudicial error (i) for the judge to have admitted, over the defendant's objection, Sergeant Newton's testimony that, in his opinion, the quantity of cocaine seized was "inconsistent with personal use"[1]; (ii) for the judge to have overruled the defendant's objection to the prosecutor's closing argument which, the defendant argued, impermissibly shifted the burden to the defendant to testify or produce evidence of his cocaine addiction[2]; and (iii) for the jurors improperly to have viewed the laboratory markings on an evidence bag containing a scale which had been labeled, "scale with cocaine residue."

The standards of review are well established. In assessing a trial judge's decision under rule 25(b)(2), "we do not substitute our judgment for that of the judge." *Commonwealth* v. *Millyan*, 399 Mass. 171, 188 (1987). "A new trial . . . may be proper even when the evidence can legally support the jury's verdict." *Commonwealth* v. *Woodward*, 427 Mass. 659, 666 (1998), quoting from *Commonwealth* v. *Carter*, 423 Mass. 506, 512 (1996). "The judge's power under rule 25(b)(2) . . . may be used to ameliorate injustice

---

[1]The judge instructed the jury prior to the sergeant's testimony that she wanted "to stress" the fact that the jury could either accept or reject the opinion to be offered.

[2]The judge instructed the jury that closing arguments were not evidence.

caused by the Commonwealth, defense counsel, the jury, the judge's own error, or . . . the interaction of several causes." *Id.* at 667. "Rule 25(b)(2) places the matter in the hands of the judge who heard the witnesses, and we should not undertake to substitute our judgment for his." *Commonwealth* v. *Gaulden,* 383 Mass. 543, 557 (1981). "[W]e consider only whether the judge abused his discretion or committed an error of law." *Ibid.*

We discuss the three issues that prompted the judge to order a new trial.

1. *The opinion testimony.* Sergeant Newton was the evidence officer, and was offered as an expert in drug transactions. Based on what was found in the defendant's trailer home apartment,[3,4] Sergeant Newton was permitted to testify that, in his opinion, the evidence found in the defendant's home was "not consistent with personal use . . . ." When asked the basis of his opinion, the sergeant replied, "the individual packaging, and in the context of the case, in general, other items that were found or were found to be absent."

The judge was plainly of "two minds" on the question. She wrote, "the jury may have accorded additional weight to Sergeant Newton's testimony because of his dual role as an expert and as a witness who had handled the evidence, giving the Commonwealth an unfair advantage. . . . With his reference to evidence present and absent in the defendant's home, Sergeant Newton's opinion testimony came close to exceeding the bounds of permissible expert testimony."

The judge concluded, "[w]hile the admission of this testimony may have been improper, I do not consider the error sufficient, in and of itself, to warrant a new trial."

2. *The prosecutor's closing argument.* The judge quoted at length that portion of the prosecutor's closing argument that responded to the defense counsel's suggestion to the jury that the defendant had a cocaine abuse problem, including the following passages:

> "[D]espite [defense counsel's] efforts and argument, you have absolutely no evidence before you whatsoever that [the defendant] even takes cocaine. None of the witnesses who were there saw him using any. . . . All of the evidence that's been introduced to you, none of it is used for the ingestion of cocaine.

> And [defense counsel] suggesting to you that this [defendant] is somebody with a bad cocaine habit, and it is just [defense counsel's] words, which are not evidence at all. Did you hear that testimony from

---

[3]We take the facts from the judge's findings, which the Commonwealth adopts for this appeal only.

[4]The judge found as follows: "the police officers seized eight individually wrapped plastic and aluminum foil packets, which later analysis showed contained approximately one half ounce of cocaine cut with inositol, each packet weighing between 1.80 and 1.89 grams. The defendant directed the police to one packet on his person and six in a sock in his dresser; the police found one packet in a small glass in the kitchen. The police seized two inositol tablet bottles (one empty and the other partially filled) . . . . The police also found a small brown bottle containing cut pieces of plastic wrap, several uniformly sized small pieces of aluminum foil, boxes of aluminum foil and varying sizes of plastic bags, and two scales."

any of the police officers or from Mrs. Frain [a neighbor]? We know nothing, based on the evidence, as to what this person may or may not do with cocaine. . . . Is that a coke head? Is that somebody that was so out of control he had to have that much of it in his house? The evidence is not there at all. . . ."

In her memorandum, the judge wrote, "the prosecutor's repeated characterization of the defendant's position as being that he was a 'bad coke head,' was improper; the defendant's counsel never portrayed him as such. . . . When the prosecutor stated that there was no evidence of the defendant's personal use of drugs, her remarks could be fairly construed as asking the jury to infer the defendant's guilt from his failure to produce direct evidence of his use of cocaine. . . . Here . . . the prosecutor returned to the issue of the lack of evidence at least four times and her emphasis on this point may have left the jury with the impression that the defendant had a burden to produce evidence of his drug use, thereby impermissibly shifting the burden of proof from the Commonwealth to the defendant." The judge's remarks are entirely consistent with *Commonwealth* v. *Feroli*, 407 Mass. 405, 409 (1990) ("The question is whether the challenged remark, when viewed in the context of the entire argument, is directed more at the general weakness of [the defendant's] defense than toward the defendant's own failure to testify" [internal quotation marks omitted]).

The judge wrote, in part, "The Commonwealth's evidence [as to distribution] was not overwhelming. The prosecutor's repeated references to the lack of evidence that the defendant was a drug user came perilously close to the line between fair and improper argument. . . . I question the effectiveness of my curative instructions, as the prosecutor's closing argument may well have distorted the jury's understanding of the presumption of innocence . . . . While the closing argument, in and of itself, may not be grounds for allowing the defendant's new trial motion, I consider the potential prejudice from it in light of the defendant's other claims of error."

3. *The juror's handling of the trial exhibit.* In her memorandum of decision, the judge acknowledged that she had admitted the scale into evidence, but not the laboratory test results. She conferred with counsel as to how best to sanitize the laboratory bag which contained the scale.[5] It was agreed among counsel and the judge that the laboratory's tag would be covered with two blank labels. The clerk then placed the laboratory's sealed bag inside a second clear plastic bag that was securely closed by stapling. During deliberations, the jury unstapled the bag, and removed the blank labels, revealing the reference to cocaine.

The result was, the judge wrote, that "the jury could have inferred from viewing the tag that the defendant used the scale to weigh cocaine, which would have further bolstered the Commonwealth's evidence of defendant's intent to distribute."

At the end of her memorandum, the judge summarized her conclusions: "In my view, none of the claimed errors, in and of themselves, would require a new trial for the defendant. However, when viewed together and, in light of the fact that the Commonwealth's evidence that the defendant intended to distribute the cocaine was not overwhelming, I have serious reservations as to

---

[5]The laboratory bag had on it a tags which said, "scale with cocaine residue."

the integrity of the guilty verdict in this case. Consequently, in the exercise of my discretion, I rule that the defendant's motion as to the charge of possession of cocaine with intent to distribute should be allowed."

We see no sound basis, recognized in our case law, that would justify a reversal of the thoughtful and careful work of the judge. There was no abuse of discretion, nor was there an error of law.

The order allowing a new trial on all counts is affirmed.

*So ordered.*

*Judith Ellen Pietras,* Assistant District Attorney, for the Commonwealth.

*Murray A. Kohn,* Committee for Public Counsel Services, for the defendant.